THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHERINE L. CLAYTON,<br>102 Scarborough Ct. SE<br>Marietta, Georgia 30067,<br><br>VALORIE K. OWEN,<br>1868 Linwood Avenue<br>East Point, Georgia 30344,<br><br>WILLIAM S. MCCULLARS,<br>8416 Chastain Drive NE<br>Atlanta, Georgia 30342,<br><br>        Plaintiffs,<br><br>        v.<br><br>RICHARD CORDRAY,<br>in his official capacity as Director of the<br>Consumer Financial Protection Bureau<br>1700 G Street, N.W.<br>Washington, D.C., 20552,<br><br>        Defendant. | Civil Action No. <u>12-1865</u> |

**COMPLAINT**

Plaintiffs Katherine L. Clayton, Valorie K. Owen, and William S. McCullars, by and through counsel, bring this action against Defendant Richard Cordray, in his official capacity as Director of the Consumer Financial Protection Bureau, seeking relief from discrimination under the Age Discrimination in Employment Act of 1967, ("ADEA"), 29 U.S.C. § 621, *et seq*.

**JURISDICTION**

1. This court has jurisdiction over these claims pursuant to 29 U.S.C. § 633a(c), and 28 U.S.C. § 1331.

2. All conditions precedent to jurisdiction in this court have been satisfied. This case arises out of decisions by the Consumer Financial Protection Bureau ("CFPB") in April, 2011, to reject the plaintiffs' applications for employment. The plaintiffs initiated informal administrative complaints of age discrimination by contacting an EEO counselor at the Treasury Department within 45 days of receiving notice of CFPB's rejection of their employment applications. Each plaintiff filed a timely formal complaint of employment discrimination on the basis of age on October 27, 2011. The three complaints were consolidated for investigation and, upon its conclusion, on June 27, 2012, the plaintiffs notified CFPB of their election to receive a final agency decision without a hearing. A final agency decision on the plaintiffs' complaints was issued on August 23, 2012. The plaintiffs are filing this action within 90 days of receipt of CFPB's final agency decision.

## VENUE

3. Venue lies in this court pursuant to 28 U.S.C. § 1391(e), because a substantial part of the events giving rise to the claim occurred in this district.

## PARTIES

4. Katherine L. Clayton is a resident of Georgia, is over 40 year old, and applied for and was denied employment with CFPB because of her age.

5. Valorie K. Owen is a resident of Georgia, is over 40 years old, and applied for and was denied employment with CFPB because of her age.

6. William S. McCullars is a resident of Georgia, is over 40 years old, and applied for and was denied employment with CFPB because of his age.

7. Richard Cordray is the Director of CFPB, a federal agency, and named as the defendant in his official capacity.

## FACTS

8.       In July, 2010, Congress created CFPB by statute, as a new regulatory bureau in the Federal Reserve System.   Through that statute, Congress also abolished the Office of Thrift Supervision ("OTS"), and distributed its responsibilities and authorities among the Office of the Comptroller of the Currency ("OCC"), the Federal Deposit Insurance Corporation ("FDIC"), and CFPB.   CFPB officially began its operations in July, 2011.

9.       In September, 2010, Elizabeth Warren was appointed to oversee the start up and staffing of CFPB.   The new agency was charged with examination of numerous large and complex financial institutions and had an urgent need to assemble a staff of qualified and experienced examiners.

10.       On February 3, 2011, CFPB issued a "Solicitation for Potential Transferees" to OTS Supervision and Examination staff.   The critical competencies CFPB identified for applicants were in-depth experience and substantive knowledge of relevant law and regulations. CFPB specifically sought examiners with consumer compliance or consumer protection experience and a compliance accreditation or a Certified Regulatory Compliance Manager (CRCM) designation.

11.       When CFPB issued its solicitation, the three plaintiffs were employed as bank examiners by OTS in its headquarters for the Southeast Region in Atlanta.   Each plaintiff was exceptionally well qualified for an examiner position with CFPB and each submitted a timely and complete application in response to the agency's solicitation for transferees.

12.       Clayton was a Compliance Examiner, Level IV at OTS.   Clayton had a Federal Compliance Regulator accreditation from OTS, a CRCM designation, and many years of examination experience.   Clayton's 2010 performance review noted that during that year she had

diligently provided extensive review and scrutiny of several challenging and complicated issues in her caseload of 17 thrift institutions around the country, and had also provided leadership to a part-time review examiner.   Clayton was 49 years old when she applied to CFPB.

13.   Owen was a Compliance Examiner, Level V at OTS.   She had a Federal Compliance Regulator accreditation from OTS, and a CRCM designation.   Owen served primarily as a Senior Compliance Review Examiner, and had many years of examination experience, which included experience leading large, complex examinations in the areas of fair lending, the Community Reinvestment Act, and consumer protection laws and regulations.   Owen has prepared examiner performance appraisals, and has conducted training for examiners in compliance laws and regulations.   Owen was 48 years old when she applied to CFPB.

14.   McCullars was a Compliance Examiner, Level V at OTS.   McCullars had three examiner accreditations from OTS (Federal Compliance Regulator, Federal Thrift Regulator, and Certified Thrift Examiner) a CRCM designation, and had received numerous "special achievement awards" over the course of his career.   Since 1999, McCullars had been serving as OTS' compliance examiner-in-charge for several large banks with assets over $10 billion.   McCullars' 2010 performance review noted that during that year he consistently counseled personnel to help them better understand numerous regulatory requirements that had recently come into effect, and in 2010 he served as the Lead Compliance Examiner on some of the Region's most complex examinations.   McCullars was 51 years old when he applied to CFPB.

15.   Plaintiffs were among a group of OTS applicants invited to interview with CFPB. Their interviews took place in Washington, D.C., between March 29 and April 1, 2011, and almost immediately thereafter, CFPB notified the plaintiffs that their applications for employment had been rejected.

16. The selecting officials for CFPB's examiner positions were Steven Antonakes, Director of Bank Supervision, and Peggy Twohig, Director of Non-Bank Supervision. Neither Antonakes nor Twohig has any recollection of the plaintiffs, or any personal knowledge of facts providing any legitimate basis for the rejection of their applications for employment at CFPB.

17. Substantially younger and less experienced examiners were given preferential treatment by CFPB in its staffing efforts.

18. On January 19, 2011, OTS hosted an informational meeting with CFPB for OTS employees to participate in by telephone or in person. During the course of the meeting, Elizabeth Warren told the participants that CFPB wanted "fresh blood" for its staff.

19. On February 4, 2011, the day after CFPB issued its solicitation of applications from OTS examiners, the LA Times published an interview with Warren, and reported that she "said that she wants to avoid hiring nothing but older, seen-it-all before bureaucrats who may be set in their ways." Warren was quoted as saying "We're going to hire new, young staff and train them to follow the law." Warren reiterated her desire for a "young" staff during internal discussions with the fledgling CFPB management.

20. In keeping with Warren's stated preference for a young staff, OTS applicants under 40 years of age were invited for interviews and extended offers of employment by CFPB in disproportionately higher numbers than older applicants who had superior qualifications and experience. All of the applicants under 40 years of age from OTS' Southeast region were invited to interview for employment and were then offered positions by CFPB. All of them were substantially less qualified than the three plaintiffs.

21. McCullars trained the OTS examiners from the SE region who were hired by CFPB. None of them had the depth of relevant experience and knowledge possessed by him or

the two other plaintiffs. Most of the younger OTS examiners hired by CFPB from the SE region had less than three years of compliance experience, none had served as compliance examiner-in-charge for a large bank, conducted formal training in compliance laws and regulations, or been responsible for ongoing monitoring of complex supervisory cases. Two of those younger examiners had failed the Federal Compliance Regulator test, and one of them had been counseled for performance and conduct issues.

22. In July, 2011, each plaintiff was reassigned by default to OCC, where they are currently employed. As a result of their reassignment to OCC, the plaintiffs were deprived of the increased pay, promotional opportunities and employment security afforded to younger examiners hired by CFPB.

23. CFPB discriminated against the plaintiffs on the basis of age when it rejected their applications for employment. As a direct and proximate result of the CFPB's actions, each Plaintiff has suffered and will continue to suffer professional injury, monetary damage, humiliation and other emotional pain and suffering, and each has incurred and will continue to incur legal and related expenses.

## CAUSE OF ACTION
(Age Discrimination)

24. Plaintiffs incorporate herein by reference each allegation previously stated.

25. By its actions and those of its agents, as set forth above, CFPB deliberately and intentionally discriminated against each Plaintiff because of age, in violation of the ADEA, 29 U.S.C. § 621, *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Katherine Clayton, Valorie Owen, and William McCullars

respectfully request that this Court enter judgment on their behalf against Defendant, and order all relief to which they are entitled pursuant to the ADEA, 29 U.S.C. § 621, the Back Pay Act, 5 U.S.C. § 5596, and the Equal Access to Justice Act, 28 U.S.C. § 2412, as follows:

    a.    find and declare that CFPB discriminated against Plaintiffs on the basis of age in violation of 29 U.S.C. § 621, *et seq.*;

    b.    order that each Plaintiff be instated to employment with CFPB or, in the alternative, awarded front pay;

    c.    grant all other injunctive relief necessary to remedy and correct CFPB's discriminatory actions;

    d.    award each Plaintiff the back pay, along with the value of any benefits, plus interest, which he or she would have earned and received but for CFPB's discrimination;

    e.    award each Plaintiff costs and disbursements of this action, including reasonable attorneys' fees; and

    f.    grant such other and further relief as the Court deems equitable, just and proper.

Respectfully Submitted,

/s/ Mona Lyons
Mona Lyons, DC Bar No. 914234
LAW OFFICE OF MONA LYONS
1666 Connecticut Avenue, N.W.
Suite 525
Washington, D.C.  20009
(202) 387-7000

Attorney for Plaintiffs